SHOPPING CENTERS OF GREATER CINCINNATI, INC., APPELLEE, *v.* CITY OF CINCINNATI, APPELLANT.*

(No. 8567—Decided April 27, 1959.)

---

*Motion to certify the record overruled, July 1, 1959.

*Mr. C. R. Beirne* and *Mr. Jerome Goldman,* for appellee.

*Mr. James W. Farrell, Jr.,* city solicitor, and *Mr. William A. McClain,* for appellant.

*Per Curiam.* This is an action seeking to have the court declare a certain municipal ordinance of the city of Cincinnati, zoning the plaintiff's real estate in "residence B" zone, with the restrictions thereby imposed, to be unreasonable, arbitrary, confiscatory, unconstitutional, and void. The defendant denied the allegations upon which the plaintiff based the foregoing conclusions.

After a trial extending over several days, the trial court rendered judgment declaring the zoning ordinance, so far as it restricts the use of plaintiff's property to "residence B" uses, to be in violation of the provisions of the Constitutions of Ohio and of the United States, and invalid. The restrictions there declared invalid originally limited the use of the plaintiff's property to residential buildings of single-, two-, and four-family occupancy. These restrictions continued from 1924 until about 1950, when the restrictions were relaxed to permit "garden type" residences, but the other restrictions have been continued to this day, thereby excluding all other types of residences and completely excluding all commercial use as well as all industrial and manufacturing use.

Since 1924, the tendency has been to expand the use of property in the vicinity, and the municipality has recognized that fact by liberalizing the zoning ordinance so as to permit such use, but has refused requests to so amend the zoning ordinance applicable to the plaintiff's property.

It seems to have been conceded during the trial that the plaintiff had made various attempts to get the municipal authorities to permit other than "residence B" uses, and it developed that formal proof that plaintiff had exhausted its administrative remedies had not been made. At any rate, after judgment had been entered the plaintiff moved the court to set aside the judgment so as to permit such proof. The court granted the motion and the proof was thereupon made. This is now assigned as error.

We have no doubt that the granting of the motion was

within the discretion of the court, and that no abuse was shown. Whether there was any necessity for such proof, we do not stop to inquire. Certainly, the defendant was not prejudiced by proof that the administrative officers performed their duty.

It is also urged that the real relief which plaintiff seeks is a permit to devote its property to a particular use and that its remedy, if any, should be an action in mandamus against the proper municipal officers. An action for a declaratory judgment is not dependent on the absence of any other remedy. However, it should be said that an action for a declaratory judgment is a more comprehensive remedy and is specifically authorized by statute to have status determined under an ordinance.

It is also said that the effect of this judgment is to leave the plaintiff's property free of all zoning restrictions. That is undoubtedly the effect. However, declaring void an invalid zoning ordinance is no restriction of the authority of the municipal council to enact a valid one. And the hazard of a nonconforming use developing during the pendency of the legislative process seems very remote. The property is still within the municipality, and subject to many ordinances regulating its use.

We have had several cases before us involving the use of municipal legislative power to restrict the use of property by zoning. *Clifton Hills Realty Co.* v. *City of Cincinnati,* 60 Ohio App., 443, 21 N. E. (2d), 993; *White* v. *City of Cincinnati,* 101 Ohio App., 160, 138 N. E. (2d), 412. We have set forth the authorities in these cases and we see no good purpose in repeating them here. After all is said each case depends upon its own particular facts.

In this case the trial court has expressly held that restricting the use of the plaintiff's property to those permitted in ''residence B'' zone does not promote the public health, safety, convenience, morals and general welfare; that the restrictions are unreasonable, arbitrary, and confiscatory, and, therefore unconstitutional and void.

This is an appeal on questions of law only. The law requires us to indulge every reasonable presumption in favor of the validity of the conclusions and judgment under review.

We find ample evidence to support the conclusions of the trial court.

We find no prejudicial error in the record. The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.